## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**HOPE COLES, on her own behalf and**
**on behalf of all those similarly situated,**

      **Plaintiffs,**

                                              **CASE NO.:**

**vs.**

**CITY OF NORWALK, NORWALK**
**BOARD OF EDUCATION, and**
**NORWALK PUBLIC SCHOOLS**
**DISTRICT,**

      **Defendants.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

COMES NOW the Plaintiff, Hope Coles, on her own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby files this Complaint against the Defendants, City of Norwalk ("City"), Norwalk Board of Education ("Board"), and Norwalk Public Schools District ("District" and collectively with City and Board, the "Defendants"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

### INTRODUCTION

1.     This is an action by the Plaintiff against her employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2.      This action is intended to include all current or former full-time hourly employees who worked more than 40 hours for Defendant in the last 3 years and were not compensated properly for hours worked over forty (40) hours in any given workweek.

## JURISDICTION

3.      This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.*  The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

4.      The venue of this Court over this controversy is proper based upon the claim arising in Fairfield County, Connecticut.

## PARTIES

5.      Plaintiff is currently an ("Administrative Secretary") and has been employed by Defendants since 2001.

6.      Plaintiff is a member of Norwalk Federation of Educational Personnel (local 3793), American Federation of Teachers/AFL-CIO. The Collective Bargaining Agreement ("CBA") does not contractually bind the parties to arbitrate a dispute.

7.      The CBA does not "clearly and unmistakably" encompass Plaintiffs' "statutory claims."

8.      There are no specific references in the CBA either to FLSA or to 'statutory causes of action' generally.

9.      Defendant City of Norwalk ("City") is a local municipality responsible for the education of its citizens.

10.      Defendant Norwalk Board of Education ("Board") is responsible for overseeing the administration of educational services offered to the residents of Defendant City.

11.     Furthermore, Defendant Board is responsible for all employment related decisions of Defendant City, including but not limited to, controlling the Plaintiffs' work schedules and conditions of employment; determining the rate and method of the payment of wages; and maintaining at least some records regarding Plaintiffs' employment.

12.     Defendant Board acts as an agent of Defendant City.

13.     Defendant Norwalk Public Schools District ("District") is a Department of Defendant City and is primarily responsible for the administration of education to the City's residents.

14.     Defendant District acts as an agent of Defendant City.

15.     Defendants City, District and Board, unless otherwise specified herein, shall be referred to hereafter collectively as "Defendants."

16.     Defendants are duly licensed to transact business within the State of Connecticut.

17.     Together, Defendants jointly employ(ed) Plaintiff and all other similarly situated employees who are the subject of this Complaint.

## COVERAGE

18.     At all material times relevant to this action (2016-2019), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

19.     At all material times relevant to this action (2016-2019), Defendants made gross earnings of at least $500,000 annually.

20.     At all material times relevant to this action (2016-2019), Defendants accepted payments from customers based on credit cards issued by out of state banks.

21.     At all material times relevant to this action (2016-2019), Defendants routinely ordered materials or supplies from out of state. (i.e. office and school equipment and supplies).

3

22.     At all material times relevant to this action (2016-2019), Defendants had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. office and school equipment and supplies).

23.     At all times relevant to this action (2016-2019), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## FACTUAL ALLEGATIONS

24.     Plaintiff, works as an "Administrative Secretary" and responsibilities include, but are not limited to: (1) assisting in the implementation of Defendants' administrative policies, rules, regulations and directives; (2) receiving and following oral and written instructions from Principal; and (3) inputting staff attendance and time into NOVAtime.

25.     In this capacity, Plaintiff earned hourly wages between the amount of $32.92 and $34.11 per hour for all hours worked.

26.     Plaintiff has worked for Defendants from 2001 to present.

27.     Plaintiff was typically scheduled to work 37.50 hours per week.

28.     Based on a preliminary review of Plaintiff's time records (summarized below) she estimates her damages to be $1,242.09. This estimate is not meant to be fully inclusive, as all records have not been examined. This estimate also does not include liquidated damages or attorney's fees.

   a.   09/17/2016 – 09/23/2016: Worked approximately **44 hours.** Paid for 37.50 hours at $32.92.

    b.  09/24/2016 – 09/30/2016: Worked approximately **41 hours**. Paid for 37.50 hours at $32.92.

    c.  11/26/2016 – 12/02/2016: Worked approximately **42 hours**. Paid for 37.50 hours at $32.92.

    d.  12/03/2016 – 12/09/2016: Worked approximately **41 hours**. Paid for 37.50 hours at $32.92.

    e.  04/15/2017 – 04/21/2017: Worked approximately **47 hours**. Paid for 37.50 hours at $32.92.

    f.  06/03/2017 – 06/09/2017: Worked approximately **43 hours**. Paid for 37.50 hours at $32.92.

    g.  09/30/2017 – 10/06/2017: Worked approximately **41 hours**. Paid for 37.50 hours at $33.51.

    h.  11/25/2017 – 12/01/2017: Worked approximately **41 hours**. Paid for 37.50 hours at $33.51.

    i.  12/09/2017 – 12/15/2017: Worked approximately **41 hours**. Paid for 37.50 hours at $33.51.

    j.  03/23/2019 – 03/29/2019: Worked approximately **42 hours**. Paid for 37.50 hours at $34.11( See Plaintiff's detailed daily work schedule for the weeks listed above, attached hereto as Exhibit 1).

29.    Plaintiff worked in excess of forty (40) hours per week as part of her regular job duties.

30.    During at least the last three years, Defendants have engaged in a scheme that has intentionally and unilaterally reduced the hours of Plaintiffs.

31.    Specifically, Defendants have instructed the Administrative Secretaries of each school to monitor the hours worked by non-exempt employees, and then manually login to Defendants' time tracking software, NOVAtime, to change the employees' timecards to reflect their "schedule" instead of actual hours worked.

32.    For example, Administrative Secretaries are instructed to reduce the total hours of fulltime (non-exempt) employees to ensure they rarely exceed 37.5 hours per week.

33.    If the Administrative Secretaries fail(ed) to reduce an employee's hours, the payroll clerks or payroll supervisors manually login to the Defendants' time tracking software, NOVAtime, to change the employees' timecards to reflect their "schedule" instead of actual hours worked.

34.    The employees who were affected are those who worked in the following positions: **Administrative Secretary, Librarian, Secretary I, Secretary II, Student Information Systems Assistant, Accounts Payable Assistant, Account Specialist, Executive Secretary, Transportation Coordinator, Library Media Assistant, Office Aide, Applied Behavior Analysis Therapist, Special Education Para-educator, Payroll Clerk, Clerk, Intervention Para-educator**.

35.    All such employees are/were hourly paid employees.

36.    All such employees are eligible for overtime if they worked more than 40 hours in any given workweek.

37.    Defendants' reductions did not consider the employees' job duties.

38.    After the implementation of NOVAtime, Defendants conducted a training, led by the payroll department and comptroller, for all Administrative Secretaries, wherein the

Administrative Secretaries were taught and instructed on how to login to NOVAtime and manually change other employees' time.

39.    Because of that training, the policy of reducing hours became uniform throughout all the school district.

40.    Plaintiff, and all those similarly situated to Plaintiff, were not paid overtime wages by Defendants for *all* hours worked during the weeks in which they worked in excess of 40 hours.

41.    Defendants' failure to pay Plaintiff, and all those similarly situated to Plaintiff, has been willful, arbitrary, unreasonable, and in bad faith.

42.    Defendants operate, manage, and control approximately twenty-one (21) schools.

43.    On average, each Administrative Secretary, of each school, manually reduces the hours of approximately ten (10) to fifteen (15) employees per week.

44.    If the Administrative Secretary fail(ed) to reduce an employee's time on any given week, payroll clerks or payroll supervisors reduce(d) the remaining employees' time.

45.    Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their regular rate of pay for *all* hours worked over forty in a workweek.

46.    Plaintiff, and other similarly situated employees, were not paid for *all* hours of overtime.

47.    Plaintiff and those similarly situated were eligible for time and a half provided they worked more than forty (40) hours in a workweek.

48.    As a result, Plaintiff and those similarly situated, should have received compensation at time and one half their regular rate of pay for all hours worked beyond the forty (40) hours per week.

49.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

50.    Upon information and belief, due to Defendants' scheme, numerous employees' time records are inaccurate.

51.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

52.    Plaintiff reserves the right, as might be necessary or appropriate, to modify or amend the definition of the proposed Class, when Plaintiff files her motion for class certification, notwithstanding, the proposed Class on whose behalf this action is brought is defined as follows:

> **"All current or former hourly employees who worked more than 40 hours for Defendants in the last 3 years and were not compensated properly for hours worked over forty (40) hours in a workweek due to having their hours reduced."**

53.    All the proposed class were subjected to Defendants' policy of removing hours from their weekly total.

54.    All the proposed class were paid by the hour.

55.    All the proposed class were eligible for overtime if they worked more than forty (40) hours per week.

56.    All the proposed class performed similar job duties in that they worked for the Defendants school system performing non-exempt work.

57.    Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for *all* hours worked in excess of 40 hours in a workweek.

8

58.    Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

59.    Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA, results from a policy or practice of requiring their support staff to work hours similar to that of their exempt employees, in an effort to maximize work output but minimize their payroll.

60.    This policy or practice was applicable to Plaintiff and the proposed class members.

61.    Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

62.    Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

63.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

64.    During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a workweek.

65.    Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## <u>VERSUS ALL DEFENDANTS</u>

66.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 65 above.

67.    Plaintiff and those similarly situated to her worked for Defendants at various times from 2016 to 2019.

68.    Defendants are a public entity doing business in the State of Connecticut and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

69.    Throughout Plaintiff's employment, the Defendants repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

70.    Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

71.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to her, are in the possession and custody of Defendants.

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated employees, prays for the following relief:

A. that, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all similarly situated employees who work or have worked for Defendants during the Collective Period. Such notice shall inform them

that this civil action has been filed, of the nature of the action, and of their right to join this

lawsuit if they believe they were denied proper wages;

B. the payment at one and one-half times their regular rates of pay for all overtime

hours worked by Plaintiff and FLSA Collective Members for which they have not

been properly compensated;

C. liquidated damages pursuant to 29 U.S.C. § 216(b);

D. reasonable attorneys' fees and costs;

E. a reasonable service award for the named Plaintiff to compensate her for the time

she spent attempting to recover wages for FLSA Collective Members and for the

risks she took in doing so;

F. prejudgment interest; and

G. all other relief that this Court deems just and appropriate.


## DEMAND FOR JURY TRIAL

72.    Plaintiff demands a jury trial on all issues so triable against Defendants.

DATED this **12**th day of **September**, **2019**.

Respectfully submitted by,

Ryan Daugherty, Esq.
Daugherty Law Group, LLC
Juris No. 439385
260 Madison Avenue, 8th Floor
New York, New York 10016
(646) 859-1674
Her Attorney

# PLAINTIFF'S EXHIBIT 1

Week A:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (09/19/2016) | 07:01 am | 08:44 am | 1.75 |
| Monday | (09/19/2016) | 9:00 am | 10:53 am | 2.00 |
| Monday | (09/19/2016) | 11:00 am | 4:07 pm | 4.50 |
| Tuesday | (09/20/2016) | 06:49 am | 06:31 pm | 11.25 |
| Wednesday | (09/21/2016) | 06:47 am | 01:53 pm | 7.50 |
| Thursday | (09/22/2016) | 06:58 am | 03:59 pm | 8.50 |
| Friday | (09/23/2016) | 07:03 am | 04:01 pm | 8.50 |

Total Hours Worked = 44
Plaintiff was paid for 42 hours at straight pay (42.00 x $32.92) = $1,382.64
Plaintiff should have been paid ( 40.00 x $32.92) + ( 4 x $49.38) = **$1,514.32**

Week B:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (09/26/2016) | 07:05 am | 2:41 pm | 8.75 |
| Tuesday | (09/27/2016) | 07:02 am | 4:00 pm | 8.25 |
| Wednesday | (09/28/2016) | 07:10 am | 11:42 am | 4.25 |
| Wednesday | (09/28/2016) | 12:01 pm | 03:59 pm | 4.00 |
| Thursday | (09/29/2016) | 07:01 am | 04:02 pm | 8.50 |
| Friday | (09/30/2016) | 08:30 am | 11:38 am | 3.00 |
| Friday | (09/30/2016) | 11:57 am | 04:01 pm | 3.75 |

Total Hours Worked = 41
Plaintiff was paid for 37.50 hours (37.50 x 32.92) =$1,234.50
Plaintiff should have been paid (40.00 x $32.92) + (1 x $49.38) = **$1,366.18**

Week C:

| Date | | Clock In | Clock Out | Total |
|------|--|----------|-----------|-------|
| Monday | (11/28/2016) | 08:00 am | 04:00 pm | 7.50 |
| Tuesday | (11/29/2016) | 07:05 am | 2:49 pm | 7.25 |
| Tuesday | (11/29/2016) | 03:10 pm | 4:04 pm | 0.75 |
| Wednesday | (11/30/2016) | 07:13 am | 04:38 pm | 9.00 |
| Thursday | (12/01/2016) | 07:19 am | 05:16 pm | 9.50 |
| Friday | (12/02/2016) | 07:03 am | 04:02 pm | 8.50 |

Total Hours Worked = 42.5
Plaintiff was paid for 37.50 hours (37.50 x $32.92) = $1,234.50
Plaintiff should have been paid (40 x $32.92) + (2 x $49.38) = **$1,415.56**


Week D:

| Date | | Clock In | Clock Out | Total |
|------|--|----------|-----------|-------|
| Monday | (12/05/2016) | 07:05 am | 12:41 pm | 5.75 |
| Monday | (12/05/2016) | 01:01 pm | 03:20 pm | 2.00 |
| Tuesday | (12/06/2016) | 08:00 am | 04: 00 pm | 7.50 |
| Wednesday | (12/07/2016) | 07:11 am | 11:22 am | 3.75 |
| Wednesday | (12/07/2016) | 12:00 pm | 04:00 pm | 3.50 |
| Thursday | (12/08/2016) | 07:19 am | 04:01 pm | 8.25 |
| Friday | (12/09/2016) | 07:11 am | 05:37 pm | 10.00 |

Total Hours Worked = 41
Plaintiff was paid for 37.50 hours (37.50 x $32.92) = $1,234.50
Plaintiff should have been paid (40 x $32.92) + (1 x $49.38) = **$1,366.18**

Week E:

| Date | | Clock In | Clock Out | Total |
|------|------|----------|-----------|-------|
| Monday | (04/17/2017) | 07:16 am | 03:39 pm | 7.75 |
| Tuesday | (04/18/2017) | 07:14 am | 04:13 pm | 8.50 |
| Wednesday | (04/19/2017) | 07:12 am | 03:52 pm | 8.00 |
| Thursday | (04/20/2017) | 07:15 am | 08:00 pm | 12.25 |
| Friday | (04/21/2017) | 07:30 am | 01:22 pm | 5.25 |
| Friday | (04/21/2017) | 02:09 pm | 08:00 pm | 6.00 |

Total Hours Worked = 47.75
Plaintiff was paid for 37.50 hours (37.50 x $32.92) = $1,234.50
Plaintiff should have been paid (40 x $32.92) + (7.75 x $49.38) =**$1,699.50**

Week F:

| Date | | Clock In | Clock Out | Total |
|------|------|----------|-----------|-------|
| Monday | (06/05/2017) | 07:08 am | 01:46 pm | 6.00 |
| Monday | (06/05/2017) | 2:02 pm | 03:56 pm | 2.00 |
| Tuesday | (06/06/2017) | 07:18 am | 10:31 am | 3.25 |
| Tuesday | (06/06/2017) | 11:24 am | 04:32 pm | 4.50 |
| Wednesday | (06/07/2017) | 07:16 am | 04:08 pm | 8.50 |
| Thursday | (06/08/2017) | 07:15 am | 08:33 pm | 12.25 |
| Friday | (06/09/2017) | 09:22 am | 04:14 pm | 6.50 |

Total Hours Worked = 43
Plaintiff was paid for 37.50 hours (37.50 x $32.92) =$1,234.50
Plaintiff should have been paid (40 x $32.92) + (3 x $49.38) = **$1,464.94**

Week G:

| Date | | Clock In | Clock Out | Total |
|------|------|----------|-----------|-------|
| Monday | (10/02/2017) | 07:10 am | 02:46 pm | 7.00 |
| Monday | (10/02/2017) | 03:05 pm | 04:21 pm | 1.25 |
| Tuesday | (10/03/2017) | 07:19 am | 04:09 pm | 8.50 |
| Wednesday | (10/04/2017) | 07:20 am | 04:03 pm | 8.25 |
| Thursday | (10/05/2017) | 07:46 am | 03:37 pm | 7.25 |
| Friday | (10/06/2017) | 07:06 am | 04:03 pm | 8.75 |

Total Hours Worked = 41
Plaintiff was paid for 37.50 hours (37.50 x $33.51) =$1,256.63
Plaintiff should have been paid (40 x $33.51) + (1 x 50.27) = **$1,390.67**

Week H:

| Date | | Clock In | Clock Out | Total |
|------|------|----------|-----------|-------|
| Monday | (11/27/2017) | 07:16 am | 04:36 pm | 8.75 |
| Tuesday | (11/28/2017) | 07:17 am | 10:04 am | 2.50 |
| Tuesday | (11/28/2017) | 10:24 am | 04:51 pm | 5.75 |
| Wednesday | (11/29/2017) | 07:22 am | 04:09 pm | 8.50 |
| Thursday | (11/30/2017) | 07:17 am | 03:55 pm | 8.25 |
| Friday | (12/01/2017) | 07:33 am | 01:41 pm | 5.50 |
| Friday | (12/01/2017) | 02:28 pm | 04:16 pm | 1.75 |

Total Hours Worked = 41
Plaintiff was paid for 37.50 hours (37.50 x $33.51) =$1,256.63
Plaintiff should have been paid (40 x 33.51) + (1 x $50.27) = **$1,390.67**

Week I:

| Day | | Clock In | Clock Out | Total |
|------|------|----------|-----------|-------|
| Monday | (12/11/2017) | 07:12 am | 04:12 pm | 8.50 |
| Tuesday | (12/12/2017) | 07:18 am | 4:48 pm | 8.75 |
| Wednesday | (12/13/2017) | 07:17 am | 02:10 pm | 6.50 |
| Wednesday | (12/13/2017) | 02:43 pm | 04:51 pm | 2.00 |
| Thursday | (12/14/2017) | 07:56 am | 03:54 pm | 7.50 |
| Friday | (12/15/2017) | 07:23 am | 03:38 pm | 7.75 |

Total Hours Worked = 41
Plaintiff was paid for 37.50 hours (37.50 x $33.51) =$1,256.63
Plaintiff should have been paid (40 x $33.51) + (1 x $50.27) = **$1,390.67**

Week J:

| Date | | Clock In | Clock Out | Total |
|---|---|---|---|---|
| Monday | (03/25/2019) | 07:03 am | 04:15 pm | 8.75 |
| Tuesday | (03/26/2019) | 06:56 am | 10:06 am | 3.00 |
| Tuesday | (03/26/2019) | 11:00 am | 04:17 pm | 4.75 |
| Wednesday | (03/27/2019) | 07:07 am | 04:19 pm | 8.75 |
| Thursday | (03/28/2019) | 07:12 am | 03:53 pm | 8.25 |
| Friday | (03/29/2019) | 06:52 am | 04:09 pm | 8.75 |

Total Hours Worked = 42.25
Plaintiff was paid for 37.50 hours (37.50 x $34.11) = $$1,279.13
Plaintiff should have been paid (40 x $34.11) + (2.25 x $51.17) = **$1,479.53**