UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA RILEY, on her own behalf and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF NORWALK, NORWALK BOARD OF EDUCATION, and NORWALK PUBLIC SCHOOLS DISTRICT,<br><br>        Defendants.<br>_____/ | CASE NO.: 3:19-cv-01436-JCH<br><br><br><br><br><br><br><br><br>OCTOBER 26, 2020 |

ORDER GRANTING
JOINT MOTION FOR APPROVAL OF THE SETTLEMENT, SERVICE
PAYMENTS, AND ATTORNEYS' FEES AND COSTS

The Plaintiff and all similarly situated Class Members were (or are currently) employees of CITY OF NORWALK, NORWALK BOARD OF EDUCATION AND NORWALK PUBLIC SCHOOLS DISTRICT, ("Norwalk" or "Defendants").

On September 12, 2019, Plaintiff commenced this action by filing a collective action complaint against Norwalk, alleging on behalf of herself and all other similarly situated employees that Defendants misclassified multiple types of employees as exempt and failed to pay them overtime when they worked more than 40 hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA"). (Declaration of Leach in Support of Plaintiff's Joint Motion for Approval of the Settlement, Service Payments, and Attorneys' Fees and Costs ("Leach Decl.") ¶9.)

13

An additional action, Hopes Coles v. of CITY OF NORWALK, NORWALK BOARD OF EDUCATION AND NORWALK PUBLIC SCHOOLS DISTRICT was commended on the same day, and assigned Case Number 3:19-cv-01437-JCH. These actions were consolidated by Court order [Doc. 41] on January 27, 2020. Leach Decl. ¶ 10.)

On February 13, 2020, the Court granted Plaintiff's motion for conditional certification [Doc.54], and on March 2, 2020, notice was mailed to all potential Op-in Plaintiffs within the class period. (Leach Decl. ¶12.) A total of 88 Opt-in Plaintiffs have filed consent forms and opted into the case. (*Id.*)

The parties reached this $400,000 settlement (the "Settlement Fund") on behalf of the Opt-In Plaintiffs in the FLSA § 216(b) collective after engaging in discovery and extensive formal and informal settlement discussions. (*Id.* ¶¶ 23-29.) The terms of the settlement have been set out in a formal written Settlement and Release ("Settlement Agreement"). (*Id.* ¶26; Ex. A (Settlement Agreement).) Plaintiffs now seek approval of the settlement, service payments to the named Plaintiffs, and attorneys' fees and costs.

Having considered the Joint Motion for Approval of Settlement, Service Payments, and Attorneys' Fees and Costs, the supporting declarations and exhibits thereto, and the complete record in this matter, for the reasons set forth below and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:** <u>APPROVAL OF THE FLSA SETTLEMENT</u>

13

1.      The Court hereby approves the FLSA settlement on behalf of the Opt-In Plaintiffs.

2.      FLSA settlements generally require judicial approval to be effective, because private settlements will not effectuate a valid release. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945).

3.      Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623(PAC), 04 Civ. 4488 (PAC), 06 Civ. 5672 (PAC), 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.* at 1354; *Clark*, 2010 WL 1948198, at *7; *McMahon*, 2010 WL 2399328, at *6.

4.      The FLSA settlement in this case meets the standard for approval. The settlement was the result of vigorously contested litigation with substantial formal and informal discovery, motion practice, and arm's-length negotiation conducted over much of that time. (Leach Decl. ¶30.) Plaintiffs conducted a thorough investigation, including thorough interviews with Opt-in Plaintiffs, and production and review of paper discovery. Recognizing the uncertain legal and factual issues involved, the

parties reached the settlement pending before the Court after a day-long settlement conference before Magistrate Judge Merriam and engaging in settlement discussions, as well as in negotiations conducted by telephone and electronic mail through counsel. (*Id.* ¶¶ 24-29.) At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis. (*Id.* ¶ 29.) Accordingly, the Settlement Agreement resolves a clear and actual dispute under circumstances supporting a finding of fair and reasonable arm's-length settlement and is therefore appropriate for approval.

## AWARD OF SERVICE PAYMENTS TO NAMED PLAINTIFFS

5.  The Court finds reasonable service awards of $1,500 to Plaintiff Riley and $3,500 to Plaintiff Coles. These amounts shall be paid from the Settlement Fund.

6.  Named plaintiffs in class and collective actions play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny. *See, e.g*, *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, at *1 (BSJ)(JCF), 2010 WL 532960 (S.D.N.Y. Feb. 9, 2010) ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts."); *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (internal quotation marks and citation omitted); *Clark*, 2010 WL 1948198,

at *9; *McMahon*, 2010 WL 2399328, at *8-9; *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 EMP. RTS. & EMP. POL'Y J. 395 (2006) (discussing the importance of aggregation of claims in the prosecution of civil and wage and hour rights).

7. "Incentive awards . . . are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (discussing service awards in a Rule 23 class action settlement). In examining the reasonableness of service awards, courts consider: (1) the personal risk incurred by the named plaintiffs; (2) time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights. *See id*. Here, the named Plaintiffs satisfy all three factors.

8. First, in this settlement on behalf of a FLSA § 216(b) collective, just as in the Rule 23 class action settlements cited above, the named Plaintiffs agreed to bring the action in their name and to testify if there was a trial. (Leach Decl. ¶43.) In so doing, they assumed the risk of retaliation. (*Id.*); *see also Frank*, 228 F.R.D. at 187 (noting that incentive awards are "particularly appropriate in the employment context . . . [where] the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers") *see also Velez*, 2007 WL 7232783, at *7 (observing that named plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by

13

their former employer and former co-workers"); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded.").

9. Even where there is not a record of actual retaliation, class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.").

10. Second, the named Plaintiffs should be awarded service payments for the significant work they undertook on behalf of the Opt-in Plaintiffs. They expended time and effort to assist in the preparation of the complaints, provide Plaintiffs' Counsel with relevant documents, submitted declarations in support of Plaintiffs' claims, and assist counsel in the investigation of Plaintiffs' claims. (Leach Decl. ¶43.) Courts recognize the important factual knowledge that named plaintiffs bring to employment class and collective actions, including information about employer policies and practices that affect compensation. *See Frank*, 228 F.R.D. at 187-88 (recognizing the important role that class representatives play as the "primary source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents).

13

11. Last, the amount of the requested service awards is consistent and reasonable with awards given in class and collective actions. *See, e.g.*, *McMahon*, 2010 WL 2399328, at *8-9 (awarding $5,000 service payments to two class representatives from $400,000 fund); *Parker*, 2010 WL 532960, at *1-2 (awarding service payments of $5,000 to $15,000 to twelve class representatives from $745,000 fund). Accordingly, service payments are rewarded.

### AWARD OF FEES AND COSTS TO PLAINTIFFS' COUNSEL

12. The Court awards Plaintiffs' Counsel $150,000.00 in attorneys' fees and costs.

13. The FLSA provides for "reasonable" attorneys' fees. 29 U.S.C. § 216(b) ("The court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

14. Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010).

15. Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA. *See Braunstein v. E. Photo Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied*, 441 U.S. 944 (1979) (observing that "broad remedial purpose" of the FLSA should be given a "liberal construction"); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143 (ENV)(RER) 2011 WL 754862, at *6 (E.D.N.Y.

13

Feb. 18, 2011) (citing cases); *Vazquez v. Ranieri Cheese Corp.*, No. 07-CV-464 (ENV)(VVP), 2011 WL 554695, at *4 (E.D.N.Y. 2011) ("[T]he fee provisions contained in the FLSA and New York Labor Law were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (internal quotation marks and citation omitted); *see also McMahon*, 2010 WL 2399328, at *7; *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010); *Prasker v. Asia Five Eight LLC*, No. 08 CIV. 5811 (MGC), 2010 WL 476009, at *6 (S.D.N.Y. Jan. 6, 2010); *Sand*, 2010 WL 69359, at *3.

16. Here, Class Counsel seeks an award that is considerably less than the amount actually paid to the Class and is much less than their actual lodestar.

17. Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorneys general," attorneys who fill that role must be adequately compensated for their efforts. *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *13 (S.D.N.Y. Sept. 16, 2011); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 3322580, at *8 (S.D.N.Y. Aug. 23, 2010); *Sand*, 2010 WL 69359, at *3 (statutory attorneys' fees are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel"). If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Willix*, 2011 WL 754862, at *6; *McMahon*, 2010 WL

13

2399328, at *7; *Sand*, 2010 WL 69359, at *3 ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

18. The fee Class Counsel requests is also reasonable because they will continue to perform work on behalf of the Class but will not make a supplemental fee application. Class Counsel has a continuing obligation to represent the Class during the settlement approval process and the disbursement phase.

19. In this case, Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Opt-in Plaintiffs' claims. Since the filing of the original complaint in September 2019, The Leach Firm, P.A. has spent more than 420 attorney, paralegal, and support staff hours prosecuting this case. (Leach. Decl. ¶48.) The Daugherty Law Group has spent more than 219 attorney hours on the case. (*Id.* ¶49; Ex. E (Summary of Attorney and Staff Time and Litigation Costs and Expenses).)

20. The work that Plaintiffs' Counsel has performed in litigating and settling this case demonstrates their commitment to the FLSA collective and to representing the collective's interests. Plaintiffs' Counsel has committed substantial resources since the outset of this matter to prosecute this case.

21. The requested award is also significantly below Plaintiffs' Counsel's total lodestar. (Leach Decl. ¶50.) Plaintiffs' Counsel anticipates that they will be required to spend substantial additional time administering the settlement in the future, including answering questions from Opt-in Plaintiffs about the case and

administering the claims process. (Leach Decl. ¶52) Accordingly, the parties' agreement that Plaintiffs' Counsel recover attorneys' fees in the amount of $150,0000.00, is reasonable and should be approved.

22. The Court also awards Plaintiffs' Counsel reimbursement of their litigation expenses in the amount of $2,000, which is included in the $150,000 fees and costs total. In FLSA collective actions, as in Rule 23 class actions, courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003). Here, Class Counsel's un-reimbursed expenses are reasonable and were incidental and necessary to the representation of the FLSA collective.

23. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

## CONCLUSION

24. The Joint Motion for Approval of Settlement is approved. Pursuant to the terms of the settlement agreement, the parties shall follow the following schedule:

| | |
|---|---|
| Within ten (10) days from the date of an Order granting Final Approval | Plaintiff's Counsel shall mail all Opt-In Plaintiffs the "Notification of Settlement to Collective Action Members" and "Claimant Member Settlement Agreement and Release." (*See* **Exhibits B and C**). Participating Plaintiffs must sign and return that document to Plaintiff's counsel within thirty (30) days of when that document is mailed. |
| Within ten (10) days after the time period to file a valid claim form/release | Plaintiff's Counsel shall provide Defendants with a copy of all Claim Member Settlement Agreement and Release forms executed by the Participating Plaintiffs |

| Within thirty (30) days after Defendant's receipt of all claim form/releases | Defendants shall send two checks for each participating Plaintiff in accordance with the terms in the Claimant Member Settlement Agreement and Release. Those checks will be forwarded to Plaintiff's Counsel. |
|---|---|
| Within ten (10) days of Plaintiff's counsel's receipt of the class members' checks | Plaintiff's Counsel shall mail the checks to the Participating Plaintiffs. |
| Within fifteen (15) business days from the date of the Order granting Final Approval | Defendants shall issue payment to Plaintiff's counsel for attorney's fees and costs. |

25. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this  26th  day  October, 2020.

/s/ Janet C. Hall

Janet C. Hall
United States District Judge

13